UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **LOUISE GALATI, et al.,** | Case No.  1:13-CV-2206 |
| Plaintiffs, | |
| | Judge Dan Aaron Polster |
| v. | |
| | **MEMORANDUM OF OPINION AND** |
| **MANLEY DEAS KOCHALASKI LLC,** | **ORDER** |
| Defendant. | |

Before the Court is Defendant Manley Deas Kochalski LLC's ("Manley Deas") Motion to Dismiss Plaintiffs' claims  under Federal Rules of Civil Procedure 12(b)(6) (Doc. # 10). Plaintiffs filed an Opposition Brief opposing the Motion (Doc. # 11), and Defendant filed a Reply Brief in support of the Motion (Doc. # 12).  For the reasons stated herein, the Court **GRANTS** Defendant's motion to dismiss.

**I. Background**

On October 4, 2013, Plaintiffs filed this lawsuit against Manley Deas and Bank of America[1].  Plaintiffs assert claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C § 1692 *et seq.* (Count I), the Ohio Consumer Sales Protection Act ("OCSPA"), O.R.C. § 1345 *et seq.* (Count II), and under Ohio common law for fraud (Count III) and civil conspiracy (IV).

This action stems from a mortgage foreclosure suit that Defendant Manley Deas initiated in Ohio state court on behalf of M&T Bank.  Manley Deas is a law firm that prosecutes mortgage

---

[1]The claims against Bank of America have been settled.  (Doc. # 14).

1

foreclosure actions.  (Doc. # 1 at ¶ 2).  Louise Galati and Nicholas Bozickovich are the owners of certain residential real property in Lake County, Ohio.  (Doc. # 11 at p. 1).   Plaintiff Nicholas Bozickovich financed the purchase of the home by the way of a mortgage loan with the Grange Bank that was secured by a mortgage.  (Id).  On January 11, 2005, Ms. Galati executed a promissory note in favor of Grange Bank, and the next day  Ms. Galati and Mr. Bozickobich executed a mortgage in favor of Grange Bank.  (Doc. # 1, Exh. # 1).  On October 4, 2012, Manley Deas filed a foreclosure complaint against Plaintiffs on behalf of M&T Bank.  *See M&T Bank v. Nicholas Bozickovich*, Case No 12 CF 002677.[2]  Attached to the foreclosure complaint are copies of two mortgage assignments, one running from Grange Bank to Franklin Bank S.S.B. ("Franklin Bank"), and one running from Franklin Bank to M&T Bank. [3]  Although Franklin Bank closed on November 7, 2008, the Assignment of Mortgage from Franklin Bank to M&T Bank was purportedly executed on January 12, 2011.  Also attached to the foreclosure complaint is a copy of the note that Ms. Galati executed in favor of Grange Bank.  The note contains an endorsement from Grange Bank to First Federal Savings Bank ("First Federal").

     Plaintiffs assert that Manley Deas, in initiating the foreclosure action against them, "attempted to collect on a debt to which [Manley Deas] knew was not owed to its client and to

---

[2] Manley Deas initiated this action on behalf of M&T Bank in the Lake County Court of Common Pleas.  On September 05, 2013, M&T Bank voluntarily dismissed the action.  *M&T Bank v. Nicholas Bozickovich*, Case No 12 CF 002677. (found at https://phoenix.lakecountyohio.gov/pa/pa_cp.urd/pamw6500.display).  Subsequently, on January 28, 2014, Manley Deas, on behalf of M&T bank, refiled the complaint for foreclosure in Lake County Court of Common Pleas (Doc. # 13-1).

[3] The Assignment of Mortgage from Franklin to M &T contains an instruction that the recorded assignment should be mailed to BAC Home Loans Servicing, LP (nka Bank of America). As a result, Plaintiffs allege that Bank of America was involved in the false and invalid assignment of their mortgage to M&T.

which its client had no interest." (Doc. # 1 at ¶ 13). The basis of Plaintiffs' assertion is twofold. First, Plaintiffs allege that the assignment of mortgage from Franklin Bank to M&T is invalid and false because the assignment was executed after Franklin Bank had closed. Second, Plaintiffs allege that M&T Bank never obtained a valid legal interest in the note because the note is endorsed from Grange Bank to First Federal and First Federal never assigned the mortgage to M&T Bank.

## II. Standard of Review

A 12(b)(6) motion to dismiss tests the sufficiency of a complaint. To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 550 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

## III. Analysis

As a threshold issue, Manley Deas argues that Plaintiffs lack standing to assert any claims under the FDCPA or OCSPA based on the allegedly faulty assignments of their note and mortgage because Plaintiffs are not parties to the assignments. In support of its argument that Plaintiffs lack standing, Defendant cites this Court's decision in *Clark v. Lender Processing Services, Inc.,* 949 F. Supp. 2d 763 (N.D. Ohio 2013). In *Clark,* the plaintiffs alleged that the defendants used fabricated mortgage assignments and affidavits to bring foreclosure actions against them. *Id.* at 767. The mortgage assignments were governed by a Pooling Service Agreement ("PSA"). The Court, relying on the Sixth Circuit's decision in *Livonia,* held that

because the plaintiffs were not parties to the PSA, they lacked standing to assert any claims under the FDCPA or OSCPA.  *Id.*  at 771 (citing *Livonia Prop. v.  Holdings, LLC v. 12840–12976 Farmington Rd. Holdings, LLC*., 399 F. App'x 97, 102 (6th Cir. 2010).  *Livonia* did not involve an FDCPA claim.  Rather, in *Livonia,* the plaintiff moved for a preliminary injunction to enjoin the defendant from filing for foreclosure.  *Livonia,* 399 F. App'x at 98.  The plaintiff opposed the foreclosure on the ground that there was a flaw in the mortgage assignments.  *Id.* The district court, in holding that the plaintiff did not have standing to challenge the assignments, explained that while a "borrower certainly has an interest in avoiding foreclosure... the validity of the assignments does not effect *whether* the [b]orrower owes its obligations but only to *whom* the borrower is obligated."  *Livonia Prop. Holdings, LLC c. 12840-12976 Farmington Road Holdings,* 717 F. Supp.2d 724, 735-36 (E.D. Mich. 2010).   Here, Defendant asserts that Plaintiffs lack standing to challenge the assignments because they have not alleged that they are parties to the mortgage assignments.

     Plaintiffs, relying on this Court's decision in *Fuller,* respond that they do have standing to challenge the mortgage assignments.  *Fuller v. Lerner, Sampson, Rothfuss, L.P.A.*, 2012 WL 4361454 (N.D. Ohio May 14, 2012), adopted 2012 WL 4361448 (N.D. Ohio Sept. 21, 2012).  In *Fuller,* this Court recognized that "an obligor may assert as a defense any matter which renders the assignment absolutely invalid or ineffective, or void  in order to protect itself from paying the same debt twice."  *Id.* at * 9-10 ( citing *Livonia,* 399 F. App'x at 102).   The Court held that the plaintiffs had standing to challenge the mortgage assignments because there was "an arguable concern that the [plaintiffs] could be subject to paying the same debt twice."  *Id.*  In their Reply Brief, Defendant characterizes the Court's holding in *Fuller* as an "exception" to the "rule

against standing", and argues that this exception does not apply here because Plaintiffs have not alleged that they were at risk of paying the same debt twice. (Doc. # 12 at 4-5).

The Court agrees with Defendant. Here, Plaintiffs incorrectly rely on *Fuller* to challenge the mortgage assignments. One point of distinction between *Fuller* and the present matter is that, in *Fuller,* the "plaintiffs contend[ed] that the note and mortgage were owned by [another mortgage servicing company] and that they were 'very fearful about whether an entity other than [the defendant] would claim an interest in their property' after the first action was dismissed." *Fuller,* 2012 WL 4361454 at *10. Here, Plaintiffs do not contend they have "an arguable concern that [they] could be subject to paying the same debt twice," or even identify any another party to whom they might owe their debt, if not to M&T Bank. *Id.*

But even if Plaintiffs have standing to assert claims against Defendant under the FDCPA, the factual allegations in their complaint are insufficient to withstand Rule12(b)(6)'s "plausibility" requirement. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-678 (2009). Plaintiffs allege that "the acts of Defendant [Manley Deas] in attempting to collect the debt at issue, to which [Manley Deas] knew its client had no enforceable right and/or interest, constitute violations of the FDCPA."[4] (Doc. # 1 at ¶ 20). "Courts in the Sixth Circuit applying the FDCPA to lawsuits brought to collect a debt have generally found... that where a plaintiff alleges that the plaintiff in an underlying debt collection action says that it was the owner of a debt, all the while knowing that they did not have means of proving the debt,... a FDCPA complaint will survive a motion to dismiss." *Turner v. Lerner, Sampson & Rothfuss*, 776 F.Supp.2d 498, 505-06 (N.D.

---

[4]The Complaint alleges that Manley Deas "in attempting to collect the debt at issue, to which [it] knew its client had no enforceable right and/or interest, constitute violations of the FDCPA including but not limited to the following sections": 1692(d); 1692(e); 1692(e)(2); 1692(f) and 1692(f)(1).

Ohio March 4, 201) (citation and internal quotation omitted).

The only facts alleged to support Plaintiffs' contention that Manley Deas knew that its client had no legal interest in the note or mortgage are that the mortgage assignment was executed when Franklin Bank was closed and the note is not specifically endorsed to M&T Bank. Plaintiffs have not alleged that Manley Deas knew that Franklin Bank was closed when the mortgage assignment was executed. Nor have Plaintiffs alleged anything from which the Court can infer that Manley Deas knew that M&T Bank "had no enforceable right and/or interest" in the mortgage or note. Plaintiffs have not alleged that Manley Deas fabricated documents to make it appear as if M&T bank had a legal interest in the note or mortgage. Nor have Plaintiffs alleged that M&T Bank attempted to conceal the fact that M&T Bank had no legal interest in the note or mortgage. Plaintiffs' allegations merely recite that Manley Deas filed a state foreclosure action with a note that M&T Bank possessed. The fact that the note is not specifically endorsed to M&T Bank does not support an inference that Manley Deas knew that M&T Bank had no legal interest in the note. Accordingly, the Court finds that the factual allegations as plead do not support an inference that Manley Deas knew that M&T Bank had no legal interest in the note or mortgage.

Relying on *Turner, supra*, Plaintiffs contend that "[a] law firm that files a foreclosure complaint with knowledge that its client is not entitled to collect debt is subject to liability under the Fair Debt Collection Practices Act." (Doc. 1 # 11 at 4). The defendant in *Turner* was also a law firm that prosecutes mortgage foreclosure actions. However, *Turner* is distinguishable from the present action. In *Turner,* the plaintiffs alleged that the defendant knowingly executed false and misleading affidavits and unauthorized assignments of notes in order to mislead courts into

6

ruling that its clients possessed proper standing to prosecute foreclosure actions. *Turner*, 776 F. Supp. 2d at 501. In the instant case, unlike *Turner,* Plaintiffs have not alleged that Manley Deas has filed false and misleading affidavits to establish standing. Rather, as noted above, Plaintiffs have merely alleged that Manley Deas filed a state foreclosure action with a note that may or may not have been properly assigned to its client, M&T Bank.

Plaintiffs cite the Sixth Circuit's opinion in *Wallace v. Washington Mutual Bank,* 683 F. 3d 323 (6th Cir. 2012) for the proposition that a homeowner's FDCPA claim is sufficient to withstand a motion to dismiss when a foreclosure was filed against the homeowner with false statements about the creditor. In *Wallace,* Washington Mutual filed a foreclosure complaint, alleging it was the holder of the plaintiff's promissory note. *Id.* at 324. However, when the foreclosure complaint was filed, the debt had not yet been transferred to Washington Mutual. The Sixth Circuit held that because Washington Mutual's statements caused the plaintiff "confusion and delay in trying to contact the proper party concerning payments on her loan" she sufficiently alleged a material misrepresentation that would confuse or mislead an unsophisticated consumer. *Id.* at 327. Here, Plaintiffs have not identified any other party to whom they might owe their debt, if not to M&T Bank. Nor have they alleged that they were confused about who owned their debt as a result of M&T filing the foreclosure complaint. Furthermore, in *Wallace,* the Sixth Circuit did not consider whether or not the plaintiff had sufficiently alleged that the defendant debt collector knew that its client did not own the debt at the time of the state foreclosure action. Therefore, for all of these reasons, Plaintiffs reliance on *Wallace* is misplaced.

### III. CONCLUSION

For the foregoing reasons, the Court grants Defendant Manley Deas' motion to dismiss as to its claims under the FDCPA. Pursuant to 28 U.S.C. § 1367(c), the Court declines to exercise supplemental jurisdiction over the remaining state-law claims and dismisses the claims without prejudice.

**IT IS SO ORDERED.**

                                             */s/ Dan Aaron Polster 2/12/14*
                                             **Dan Aaron Polster**
                                             **United States District Judge**